{¶ 47} Fortino Meloni died on March 15, 2002, of a cancerous brain tumor. His last will and testament devised his worldly assets to his four children equally. In the six weeks preceding his death, his daughter Genevieve Wittenauer, through the use of a power of attorney, distributed a portion of his worldly assets as "gifts" of $10,000 each to individuals not named in his will. Genevieve was approved by the Trumbull County Probate Court to administer his estate. Another child, Anthony Meloni, filed a motion to have his sister removed as executor of the estate, claiming that the "gifts" violated both the authority granted by the power of attorney and the terms and intent of the last will and testament.
 {¶ 48} Appellant, Anthony Meloni, presented evidence to the probate court demonstrating with precision and clarity that, in the six weeks prior to the death of Fortino Meloni, his worldly assets had been distributed under the label of $10,000 "gifts" to individuals who were not named in the will. In his motion to remove his sister Genevieve as executor of their father's will, Anthony clearly demonstrated a "conflict" between the executor and the other heirs. You simply cannot distribute the corpus of an estate within weeks prior to the death of an individual suffering from a brain tumor and, then, expect to serve as a neutral arbiter in the distribution of the remains of the estate. The trial court was in error when it found that, "Anthony J. Meloni has failed to present sufficient evidence to establish that the Co-Executors are not suitable or competent persons to act as the Co-Executors herein." In fact, he had provided ample evidence that there was a patent conflict between the executors and the heirs. The allegation was that they had depleted the estate immediately prior to the death through the improper use of a power of attorney. As such, the conflict is obvious on its face. How can the trial court, or this court, ignore that simple fact?
 {¶ 49} As stated by the Tenth District Court of Appeals:
 {¶ 50} "[T]he probate court may remove an executor if there exists unsettled claims between the executor and the estate or persons interested therein. The probate court found that appellant, as a nameddefendant in the concealment of assets action as well as the will contestaction, had such a conflict. As was stated by the probate court, the function of the hearing was to determine whether or not a conflict existed, not whether the actions creating the conflict would ultimately prove meritorious. The probate court therefore properly found that the court's function in the removal hearing was not to examine the merits of the actions but to determine whether or not the executor had sufficient conflicts as a result of those matters to warrant his removal pursuant to R.C. 2113.18."[5] (Emphasis added.)
 {¶ 51} Thus, the question is not whether there has been undue influence or the improper distribution of assets to individuals not named in the will. It is not even whether there is a meritorious conflict between the actions of Genevieve the power of attorney and Genevieve the executor. Rather, the question is whether Anthony has provided sufficient evidence that, in fact, a conflict exists. He clearly has, and it was an abuse of discretion for the trial court to dismiss his motion to remove the executors. Accordingly, I must respectfully dissent.
[5] In re Estate of Nardiello (Oct. 30, 2001), 10th Dist. No. 01AP-281, 2001 Ohio App. LEXIS 4813, at *12.